ON MOTION TO WITHDRAW EN BANC
WARNER, Judge.
We grant the motion to withdraw filed by the Public Defender of the Fifteenth Judicial Circuit and write to remind this district’s judges and priv.ate criminal defense attorneys of the necessity to observe the requirements of Florida Rule of Appellate Procedure 9.140(b)(5)(A)(v).
Appellant, through private counsel, filed a notice of appeal from a final judgment of conviction rendered in Broward County, the Seventeenth Judicial Circuit. Private counsel sought to withdraw and requested the appointment of the Public Defender of the Fifteenth Judicial Circuit to replace him. The circuit court approved the withdrawal and appointed the Public Defender of the Fifteenth Judicial Circuit to continue as appellate counsel.
We have received the motion of the Public Defender of the Fifteenth Judicial Circuit requesting withdrawal and the appointment *204 of the Public Defender of the Seventeenth Judicial Circuit to continue as counsel for appellant until the record is filed, in conformance with Rule 9.140(b)(5)(A)(v), which states that:
In publicly-funded cases, the public defender for the local circuit court shall initially be appointed until the record is transmitted to the appellate court.
In addition, section 27.51(4)(d), Florida Statutes (1995), provides that the Public Defender in the Fifteenth Judicial Circuit may designate the Public Defender’s Office in Palm Beach County as appellate counsel “after the record on appeal is transmitted to the appellate court. ...” (emphasis added).
It is essential to the proper processing of an appeal that representation on appeal continue with the local public defender or a specially appointed public defender in the county where the appellant was tried so that the attorney can superintend the preparation of the record on appeal. The Public Defender of the Fifteenth Judicial Circuit is exemplary in the representation that it provides to its clients both in the quality of the work and its efficiency. It does not, however, have access to the clerk’s computer in Broward County and must relay all requests for information regarding record preparation to the Broward Public Defender’s Office (who has such access) or the Broward Clerk’s office personnel in order to ascertain the reason for record preparation problems when they occur. Because of this, involvement of the Public Defender of the Fifteenth Judicial Circuit can actually impede the prompt preparation of the record due to the distance separating its office in Palm Beach from the clerk in Broward County.
While we are aware that Broward Circuit Court judges have made it a practice for many years simply to directly appoint the Public Defender in Palm Beach County as appellate counsel, due to the issues which have arisen with record preparation, we now mandate that the rules of appellate procedure and the statute be followed. Hereafter, when the appellant moves for appointment of counsel on appeal, the trial court judge should appoint the local public defender’s office to represent the appellant until the record is transmitted to the appellate court. If a special public defender has represented the appellant at trial and there remains an issue of conflict with the local public defender’s office, then the special public defender shall continue as appellate counsel until the record on appeal is filed, unless the trial court appoints an appellate special public defender who assumes the duties of preparation of the record.
We therefore grant the motion to withdraw and direct that the Public Defender of the Seventeenth Judicial Circuit be appointed to represent appellant until the record is filed in this court.
STONE, C.J., and GLICKSTEIN, DELL, GUNTHER, POLEN, FARMER, KLEIN, STEVENSON, SHAHOOD, GROSS and TAYLOR, JJ., concur.