ORDER DIRECTING TRIAL COURT TO APPOINT ALTERNATIVE COUNSEL

Donnie L. Stokes filed a pro se notice of appeal from his judgment and sentence. Five days later, the trial court in the Circuit Court of the Thirteenth Judicial Circuit for Hillsborough County granted trial counsel’s motion to withdraw and appointed the Tenth and Sixth Circuit Public Defenders to represent Mr. Stokes on appeal.[1] This appointment exceeds the authority of the trial court. By earlier unpublished order, we directed that court to vacate its order of December 8, 1999, and to appoint either the Public Defender of the Thirteenth Judicial Circuit or a specially appointed public defender from that circuit to represent Mr. Stokes until the case may be lawfully transferred to the Public Defender of the Tenth Judicial Circuit.
In this district, the Public Defender of the Tenth Judicial Circuit is designated by statute to handle criminal appeals for qualified appellants in the entire district “after the record on appeal is transmitted.” § 27.51(4), Fla. Stat. (1999). The statute specifies that the Tenth Circuit Public Defender becomes involved only upon the direction of the local public defender from the circuit in which the appeal has been generated, commonly accomplished in this district by the filing of a “designation” by appointed trial counsel at the time the record is transmitted, assigning the briefing to the Tenth Circuit Public Defender. The circuit courts of the Sixth, Twelfth, Thirteenth, and Twentieth Circuits have no more statutory authority to appoint the *1208 Tenth Circuit Public Defender to handle appeals than they do to appoint a public defender from outside the circuit to represent a criminal defendant at trial. Thus, the appointment of both the Sixth[2] and Tenth Circuit Public Defenders requires vacation.
The Fourth District discussed the mechanics of this statute and the inappropriateness of appointments such as the one under consideration here in Young v. State, 718 So.2d 203 (Fla. 4th DCA 1998). We cannot improve its analysis, and we adopt Young without qualification.
The practical factor that demands the outcome we reach here — and what presumably motivated the legislature to adopt the scheme set out in section 27.51 — is that the Tenth Circuit Public Defender is located in Bartow, Florida. It is not in a position to monitor record preparation in the fourteen counties and five circuits of this district. This obligation must remain with trial counsel or alternative locally appointed counsel until the record is transmitted. The holding of Young is reinforced by Florida Rule of Appellate Procedure 9.140(b)(5)(a)(v), addressing the withdrawal of defense counsel after judgment and sentence, which provides: “In publicly-funded cases, the public defender for the local circuit court shall initially be appointed until the record is transmitted to the appellate court.”
If a conflict prevents the trial court from appointing the Thirteenth Circuit Public Defender to represent Mr. Stokes at this time, it shall appoint alternative counsel with the resources to monitor record preparation in Hillsborough County. At the time the record is transmitted to this court, either the Thirteenth Circuit Public Defender or specially appointed local counsel may designate the Tenth Circuit Public Defender to continue the prosecution of Mr. Stokes’ appeal in this court.
ALTENBERND, A.C.J., and FULMER and GREEN, JJ., Concur.

. Florida Rule of Criminal Procedure 3.111(e) governs withdrawal of counsel after judgment and sentence. The order permitting trial counsel to withdraw and appointing the two public defenders to handle Mr. Stokes’ appeal discloses that counsel did file judicial acts to be reviewed, written directions to the clerk, and designations to the court reporter. As we have no record several months later, we are skeptical that these obligations were in fact fulfilled. The same order recites that counsel filed a notice of appeal, but this court has received only the pro se notice of appeal. These are matters that can be verified when new counsel is appointed. We note in passing that rule 3.111(e) does not provide that counsel has ensured that substitute counsel has been obtained or appointed, as the comparable rule of appellate procedure requires. See Fla. R.App. P. 9.140(b)(5)(A)(v).

. As this court has no record at this juncture, we do not know why the trial court saw fit to appoint the Sixth Circuit Public Defender to Mr. Stokes' appeal in addition to its appointment of the Tenth Circuit Public Defender.